D. W. PERKINS, Respondent, v. SCHOOL DISTRICT NUMBER 2, OF TOWNSHIP 28, RANGE 24, GREENE COUNTY, MISSOURI, Appellant.

St. Louis Court of Appeals, March 26, 1895.

Schools, Public: COMPENSATION OF TEACHER. The pay of the teacher of a public school can not be withheld, under section 7996 of the Revised Statutes, for noncompliance with a regulation made by the school board during his employment, if he has not been properly notified of such regulation.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*Mooneyham & Brown* and *Gideon & Gideon* for appellant.

*Jas. R. Vaughan* and *W. T. Lamkin* for respondent.

· Bond, J.—This action is for $80, alleged to be due plaintiff for two months' services under a contract to teach the public school in district number 2, township number 28, range number 24, Greene county, Missouri. The case was begun before a justice, and taken by plaintiff to the circuit court where he had judgment, from which defendant appealed.

We would be warranted in dismissing the present appeal, for the reason that appellant's brief makes no statement of the facts shown by the record, as required under rules 15 and 19 of this court.

An examination of the transcript discloses that there was evidence on the trial tending to show that a contract was entered into between the parties, whereby respondent was engaged as a teacher of the public school for a term of six months upon a salary of $40, payable monthly; that during two months of this term, November and December, owing to the crowded condition of the school and the number of classes, the respondent permitted some of the older scholars to hear the recitations of the primary classes, this being done, however, in his presence and subject to his supervision and attention; that in no case were any scholars permitted to assign tasks to others, or to exercise discipline over them; that respondent did this in order to give the pupils the benefit of more freqent recitals than they could otherwise obtain; that the number of pupils attending the school was eighty-five and the number of classes thirty-two; that respondent gave his November report to the school board, and filed the one for December with the clerk of the board; that upon objection to them he requested their return for correction, which was refused; that on November 24, 1893, at a meeting of two members of the school board, of which no notice was given, it was agreed that "no pupil teach, instruct,

or discipline any other pupil or class during the remainder of the present term;" that this notice was not served upon respondent; that it was sent to the clerk, and respondent, being in a wagon with the person having it in charge, was shown the paper, but stated he could not decipher the writing. The case was heard without a jury, the court giving the following declarations of law:

"1. The court declares the law to be that the permitting by plaintiff of scholars to hear classes, as detailed in evidence, was not sufficient to defeat a recovery of his salary.

"2. That the incorrectness in monthly reports was not sufficient to defeat a recovery, and the verdict should be for plaintiff for $80.

Where a case is submitted to a court for trial, without a jury, the only office of declarations of law is to show the theory upon which the court decided. Those given by the court in this case clearly disclose that, in its opinion, the respondent substantially complied with his contract. The view of the court in this respect is amply sustained by all the facts and circumstances in the record. The order, *supra*, passed by the board at the meeting held without notice, impliedly shows that there was no objection to any previous instances of recitations to scholars, for the inhibition of this order is directed to "*the remainder of the term.*" The order itself is dated November 24; hence it is clear that this defense could not be interposed for the services of that month, which at this date were fully accrued. Nor does the evidence show that the order in question was served upon respondent prior to the lapse of the succeeding month, so that, even if the order was validly made (which is not decided), it could not prevent the recovery of plaintiff until he was properly notified thereof. Revised Statutes, 1889, section 7996.

Nor was there any essential omission in the monthly reports made by respondent. The law prescribed what these shall contain, and it was substantially complied with by the reports made. Revised Statutes, 1889, section 8026.

The judgment of the trial court, being based upon the theory that the evidence did not show a material violation of the contract in suit, and being amply sustained by the record, was for the right party, and will be affirmed.

All concur, Judge ROMBAUER in the result.